IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **JIMMY ALLEN WOODS,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:14-17206** |
| ) | **(Criminal No. 2:13-0007)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FMC Lexington, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on May 29, 2014.[1] (Document No. 39.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 41.)

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2013, Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Criminal Action No. 2:13-0007, Document Nos. 45, 47, and 48.) A Presentence Investigation Report was prepared and the District Court sentenced Movant on June 19, 2013. (Id., Document Nos. 35 - 37.) The District Court determined that Movant had a Base Offense Level of 24[2], and a Total Offense Level of 25, the Court having found Movant met the criteria for

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Presentence Report indicates that Movant's "base offense level is 24 because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of

a 4 level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(B) based upon his possession of twelve firearms, and a three-level decrease for acceptance of responsibility. (Id., Document No. 33, 35 - 37.) The District Court ordered that Movant serve a 60-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 35.) The District Court also imposed a $100 special assessment. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

On May 29, 2014, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:14-17206, Document No. 39.) As grounds for *habeas* relief, Movant alleges ineffective assistance of counsel. (Id.) Specifically, Movant argues that his "attorney failed to object to the base offense level under the guidelines, which was 10 levels higher than it should have been." (Id., p. 4.) Movant explains that the Presentence Report "stated that [his] base offense level was 24" and "it should have been 14." (Id.) As relief, Movant requests that he be "sentenced within my correct guideline range of 18 - 24 months." (Id.)

On July 22, 2014, the United States filed its Response to Movant's Motion. (Id., Document No. 44.) In its Response, the United States acknowledges that "there was no ambiguity that the [Movant's] base offense level under U.S.S.G. § 2K2.1 should have been 14 instead of 24." (Id., pp. 2 - 3.) The United States explains that U.S.S.G. § 2K2.1(a)(2) was inapplicable because Movant "did not receive any criminal history points for his prior felony convictions under U.S.S.G. § 4A1.1(a), (b), or (c)." (Id., 3.) The United States, therefore, acknowledges that trial counsel was ineffective in failing to object to the application of U.S.S.G. § 2K2.1(a)(2) because it resulted in Movant's "base

---

a crime of violence." U.S.S.G. § 2K2.1(a)(2). (Document No. 37, p. 7, ¶ 24.)

offense level being 10 levels higher than called for by the guidelines." (Id.) The United States contends that Movant properly calculated base offense is 14, and his total offense level is 15. (Id.) Thus, the United States concludes that when properly calculated, Movant's "advisory guideline range is 18 - 24 months, as opposed to the 57 - 71 months he faced at sentencing as a result of the error in his base offense level." (Id.) Accordingly, the United States recommends that Movant's Motion be granted "for the limited purpose of resentencing defendant." (Id.)

## DISCUSSION

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

3

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In his Motion, Movant argues that trial counsel was ineffective in failing to object to his base offense level of 24. (Civil No. 2:14-17206, Document No. 39.) In Response, the United States acknowledges that Movant's correct base offense level is 14 instead of 24, and trial counsel was ineffective in failing to object. (Id., Document No. 44.) A review of the record reveals that Movant was determined to have a base offense level of 24 based upon the application of U.S.S.G. §

4

2K2.1(a)(2). (Criminal Action No. 2:13-0007, Document No. 37.) U.S.S.G. § 2K2.1(a)(2) provides that a base offense level of 24 is applied "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Application Note 10 of U.S.S.G. § 2K2.1 provides that "[f]or purpose of applying subsection . . . (a)(2), use only those felony convictions that receive criminal history points under § 4A1.1(a),(b), or (c)" and "use only those felony convictions that are counted separately under § 4A1.1(a), (b), or (c)." A review of Movant's Presentence Report reveals that Movant did not receive any criminal history points for his prior felony convictions under U.S.S.G. § 4A1.1(a),(b), or (c). (Criminal Action No. 2:13-0007, Document No. 37, pp. 8 - 10.) The undersigned, therefore, finds that trial counsel acted unreasonably in failing to object to the application of U.S.S.G. § 2K2.1(a)(2). The undersigned further finds that Movant was prejudiced by trial counsel's conduct because Movant's base offense level was improperly increased by 10 levels. The advisory guideline range based upon Movant's incorrect base offense level was 57 - 71 months. Movant's advisory guideline range based upon his correct base offense level is 18 - 24 months. Based upon the foregoing, the undersigned recommends that Movant's Section 2255 Motion be granted to the extent that he requests resentencing.

### **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 39.).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: July 23, 2014.

R. Clarke VanDervort
United States Magistrate Judge